Filed 4/19/22  P. v. Barrera CA4/2
(opinion on transfer from Supreme Court)

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E075416 |
| v. | (Super.Ct.No. RIF102091) |
| MARCO ANTONIO BARRERA, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge.

Reversed and remanded with directions.

Reed Webb, under appointment by the Court of Appeal, for Defendant and

Appellant.

Rob Bonta and Xavier Becerra, Attorneys General, Lance E. Winters, Chief

Assistant Attorney General, Julie L. Garland and Charles C. Ragland, Assistant Attorneys

General, and Steve Oetting, Eric A. Swenson, and Paige B. Hazard, Deputy Attorneys

General, for Plaintiff and Respondent.

Marco Antonio Barrera pled guilty to attempted murder in 2002 and was sentenced to 38 years in prison. In 2019, the California Department of Corrections and Rehabilitation (CDCR) recommended recalling his sentence and resentencing him based in part on his exemplary behavior while in prison. The trial judge did recall the sentence, but after hearing argument resentenced Barrera to the exact same term. Barrera appealed, and we initially affirmed the trial court's decision.

Shortly after our decision, Assembly Bill No. 1540 (2021-2022 Reg. Sess.) (Assembly Bill 1540) went into effect, which changed the procedure for recall and resentencing upon a recommendation from the CDCR. On rehearing, Barrera argues he is entitled to the ameliorative benefits of the changes to the law and the appropriate remedy is remand to the trial court for a new hearing on his petition. We agree, reverse, and remand.

## I. FACTS

Eugene C. and Barrera were acquaintances who used methamphetamine together. In 2002, Eugene was working in an apartment alone when Barrera entered singing a threatening song. For unknown reasons Eugene said, "What are you waiting for? Get on with it," then stood up. Barrera grabbed Eugene's arm, pulled a gun from his waistband, and shot Eugene in the head. Barrera shot Eugene twice more while he was on the ground. Eugene was able to flee to another apartment and get help, surviving the attack.

The Riverside County District Attorney charged Barrera with premeditated attempted murder and unlawfully possessing a firearm as a felon. (Pen. Code, §§ 664,

2

subd. (a), 187, subd. (a), 12021, subd. (a)(1), unlabeled statutory citations refer to this code.) The information also alleged enhancements for personally firing a firearm causing great bodily injury (§ 12022.53, subd. (d)) and for personally causing great bodily injury. (§ 12022.7, subd. (a).) Finally, the information alleged Barrera had two prior serious felony convictions (§ 667, subd. (a)) and four prior strike convictions based on convictions for residential burglary dating from 1987. (§§ 667, subds. (c) & (e)(1), 1170.12, subd. (c)(1).)

After reaching a plea agreement, Barrera pled guilty to unpremeditated attempted murder, and admitted a firearm use enhancement (§ 12022.53, subd. (b)), one prior strike, and both prior serious felony enhancements. Following the terms of the agreement, the trial court sentenced Barrera to 38 years in prison, composed of nine years for the attempted murder—doubled to 18 due to the prior strike—10 years for the firearm enhancement, and two five-year terms from the prior serious felony enhancements.

In 2019, Senate Bill No. 1393 (2017-2018 Reg. Sess.) (Senate Bill 1393) went into effect, which allowed a trial court to strike or dismiss a prior serious felony enhancement. That same year the Secretary of the CDCR sent the trial court a letter recommending it recall Barrera's sentence and reconsider whether to strike the prior serious felony enhancements. Barrera filed a petition seeking the same, which the prosecution opposed.

The trial judge heard argument on July 21, 2020. Barrera was represented by a public defender at the hearing. Both parties presented argument. After argument, the judge said he felt Barrera "received the full benefit of what he bargained for," and noted

3

the underlying crime constituted "a vicious attack" that was "aggravated in every way it can be aggravated." The judge expressed some confusion regarding whether he could decline to resentence under former section 1170, subdivision (d). He ultimately concluded "out of an abundance of caution," he would resentence, but "adopt[] all of the decisions made by the original sentencing court." He didn't exercise his discretion to strike any of the enhancements and reimposed the exact same sentence. On appeal, we affirmed the trial judge's decision to reimpose the same sentence.

On October 8, 2021, the governor approved passage of Assembly Bill 1540, which took effect on January 1, 2022. In an order received on January 3, 2022, the California Supreme Court directed us to vacate our prior decision and reconsider Barrera's appeal in light of the change in the law.

## II. ANALYSIS

On rehearing, Barrera argues he is entitled to the ameliorative benefits of Assembly Bill 1540. We agree.

Assembly Bill 1540 moved the recall and resentencing provisions formerly under section 1170, subdivision (d)(1), to new section 1170.03 and amended its requirements. (Stats. 2021, ch. 719.) The new provision directs that "[i]f a resentencing request . . . is from the Secretary of the Department of Corrections and Rehabilitation," then "[t]here shall be a presumption favoring recall and resentencing of the defendant, which may only be overcome if a court finds the defendant is an unreasonable risk of danger to public

safety." (§ 1170.03, subd. (b)(2).) Barrera argues he is entitled to a new hearing where the judge applies this presumption in his favor. We agree.

Because Barrera's sentence is not yet final, the changes to recall and resentencing enacted by Assembly Bill 1540 apply to him. (*People v. Garcia* (2018) 28 Cal.App.5th 961, 972.) Accordingly, he would usually be entitled to have his request for resentencing reconsidered under the terms of this new law.

However, the People argue remand is not necessary because Barrera already received the ameliorative benefits to which section 1170.03 now entitles him. That is, Barrera already had a hearing where he was represented by counsel and where the judge considered the CDCR's recommendation with the benefit of argument from both parties. At the hearing, the judge accepted the CDCR's recommendation, recalled Barrera's sentence, and resentenced him to an identical sentence. Under these circumstances, the only difference between the process Barrera received under former section 1170, subdivision (d), and the process he is now due under section 1170.03 is that he didn't receive a presumption in favor of resentencing. But the People argue the fact Barrera didn't receive this presumption doesn't matter, because the judge opted to resentence him even without a presumption in favor of resentencing. Indeed, the judge mistakenly thought he might *have* to resentence Barrera, meaning the judge gave him *more* than he would be entitled to under the current law.

Nevertheless, we consider remand necessary to permit the court to reconsider the CDCR's recommendation with section 1170.03's changes to the law in mind. This

includes not just the new presumption in favor of resentencing—which we agree would not much benefit Barrera—but also section 1170.03's requirement that *if* Barrera is resentenced, he *must* be resentenced according to sentencing law as it exists now. This would include changes to sentencing caused by Senate Bill Nos. 81 (Stats. 2021, ch. 721, § 1) and 567 (Stats. 2021, ch. 731, §1.3) (Senate Bill 81 & Senate Bill 567), both effective January 1, 2022, which changed how a court can and when it must consider certain factors before imposing enhancements.

Senate Bill 81 amended section 1385 to include a series of mitigating circumstances and required courts to "consider and afford great weight to evidence offered," to prove those mitigating circumstances. (§ 1385, subd. (c)(2).) Moreover, "[p]roof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety." (*Ibid*.) One such mitigating circumstance is where "[t]he enhancement is based on a prior conviction that is over five years old." (§ 1385, subd. (c)(3)(H).)

Senate Bill 567, on the other hand, changed section 1170 to forbid a court from imposing more than the middle term except "when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term, and the facts underlying those circumstances have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (§ 1170, subd. (b)(2).) However, "the court may consider the

6

defendant's prior convictions in determining sentencing based on a certified record of conviction without submitting the prior convictions to a jury," and those convictions may not also be used as the basis for enhancements. (§ 1170, subd. (b)(3), (5).)

Barrera's sentence includes both an upper term and at least two enhancements based on crimes from the 1980's. This means he would be entitled to a presumption in favor of dismissing the enhancements based on the age of the supporting convictions. The resentencing judge would also have to consider whether to use these convictions as a basis to support imposing the upper term, or as a basis for imposing the enhancements, but not both. These benefits weigh heavily in Barrera's favor, and if he is resentenced under the new law, he is entitled to have his resentencing recommendation reconsidered in light of these changes.

Thus, even though Barrera has already been resentenced, and therefore the presumption in favor of resentencing doesn't benefit him, the presumption plus the other changes have created a new resentencing paradigm. All these changes have created a wholly new procedure for considering the CDCR's recommendations and resentencing under them, a procedure Barrera didn't receive, and which would likely provide some ameliorative benefit. In short, because Barrera's case is not final and the terms for how a recommendation from CDCR should be considered have changed, he is entitled to a fresh look under this new paradigm.[1]

---

[1] The People argue that on remand, they must be permitted to withdraw from the plea agreement should the judge resentence Barrera. We do not address that contention because it isn't ripe for our review. The judge hasn't yet determined whether Barrera will

III. DISPOSITION

We reverse the resentencing order and remand. On remand, the court shall appoint counsel (§ 1170.03, subd. (b)(1)) and apply the presumption in favor of resentencing and may decline to resentence only if it determines Barrera is a threat to public safety. (§ 1170.03, subd. (b)(2).) If the judge intends to decline to resentence, they must hold a hearing "where the parties have an opportunity to address the basis for the intended denial or rejection." (§ 1170.03, subd. (a)(8).) Should the judge resentence Barrera, they must "apply the sentencing rules of the Judicial Council and apply any changes in law that reduce sentences or provide for judicial discretion." (§ 1170.03, subd. (a)(2).) This includes recent changes to judicial discretion enacted by Senate Bills 81 and 567, as well as any other ameliorative changes which post-date Barrera's conviction.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

SLOUGH
                                               J.

We concur:

CODRINGTON
          Acting P. J.

FIELDS
          J.

---

be resentenced, nor otherwise considered the People's argument, and so addressing that issue now would be answering a merely hypothetical question. (*Pacific Legal Foundation v. California Coastal Com.* (1982) 33 Cal.3d 158, 170 ["the ripeness doctrine is primarily bottomed on the recognition that judicial decisionmaking is best conducted in the context of an actual set of facts so that the issues will be framed with sufficient definiteness to enable the court to make a decree finally disposing of the controversy"].) Nevertheless, the People may raise the argument with the trial judge should the judge decide to resentence Barrera.